FILED

2011 FEB -4  PM 2: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

Richard Bryan Clymer
668 W. Clifton Avenue
Redlands, CA 92373
(951) 288-0324

In Pro Se

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| Richard Bryan Clymer | Case No. *EDCV 10-1526 VAP* |
| Plaintiff, | *Amended Complaint* (DTBx) |
| Vs. | VIOLATION OF FAIR CREDIT |
| | REPORTING ACT & FAIR DEBT |
| Bleier & Cox and its predecessor, | COLLECTION PRACTICES ACT |
| and Does 1 through 5 inclusive | |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| DISCOVER BANK | |
| And Does 1 through 5 inclusive | |
| Co Defendant | |

COMES NOW the Plaintiff, Richard Bryan Clymer, alleges as follows:

### A. JURISDICTION AND PARTIES AND STATEMENT OF CLAIM

1. At all times herein mentioned, Plaintiff, Richard Bryan Clymer, hereafter referred to as "CLYMER" was and still is a resident of the County of San Bernardino.

2. CLYMER is informed and believes and on that basis alleges, that Defendant and Co Defendant, Bleier & Cox and its predecessor ( collection agency for Discover Bank ), an individual hereafter

1

**AMENDED COMPLAINT**

referred to as "BLEIER" And Discover Bank hereafter referred to as "DISCOVER", was at all times herein mentioned a individual authorized to do business in the State of California.

3.  Venue of this court is proper based on 15 USC 1681(p), as CLYMER has suffered damage as a result of violations by BLEIER & COX and its predecessor AND DISCOVER of the Fair Credit Reporting Act, as hereafter set forth.

4.  The Defendant is a 3rd party debt collector and the Co Defendant is a creditor, as such is governed under the law by the The Fair Debt Collection Practices Act 15 USC Section 1601,et seq.   The Defendant and Co Defendant are also governed under the law by the The fair Credit Reporting Act 15 USC Section 1681, et seq.

5.  The Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with the Defendant and Co Defendant.  <u>Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged debt is not in question here.  But the fact as to how it was or was not validated and wrongful actions of the Defendant and Co Defendant in an attempt to collect and credit reporting of the alleged debt, violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act, 15 USC 1681, et seq. and the Fair Credit Reporting Act 15 USC 1681 et seq.</u>

**FIRST CLAIM FOR RELIEF**

6.  The defendant violated Section **809 Validation of debts [15 USC 1692g]** of the DCPA by not providing proof of the alleged debt as requested by the Plaintiff's letter of March 3, 2009 by continuous collection activity prior to validation of the debt.

"(b) If the consumer notifies the debt collector in writing

within the thirty-day period described in subsection (a)

that the debt, or any portion thereof, is disputed, or

2

**AMENDED COMPLAINT**

1   that the consumer requests the name and address of the

2   original creditor, the debt collector shall cease collection

3   of the debt, or any disputed portion thereof, until

4   the debt collector obtains verification of the debt or

5   any copy of a judgment, **or the name and address of**

6   **the original creditor,** and a copy of such verification or

7   judgment, or name and address of the original creditor,

8   is mailed to the consumer by the debt collector."

9   **Plaintiff demands judgment for $1000.00**

10  **SECOND CLAIM FOR RELIEF**

11  7.  On or about September, 2009, the Defendant violated **604 Permissible purposes of consumer reports 15 USC 1681b**, made an inquiry into CLYMER'S consumer credit report, without the knowledge or consent of CLYMER.

**(2)** In accordance with the written instructions of the consumer to whom it relates.

CLYMER had not requested a report from Defendant for the purpose of extending credit, employment, insurance underwriting, or any other purpose allowed under this section. Further the inquiry violated  15 USC 1681 (b) on the basis that the inquiry was not made for any permissible purpose as enumerated in this section.  The alleged contract is outside the SOL and the Defendant has not provided acceptable proof of any alleged debt subsequently violating the following in the FCRA, There was no authorization, written or verbal by the Plaintiff to make an inquiry or to pull the report.

**Plaintiff demands judgment for $1000.00**

**THIRD CLAIM FOR RELIEF**

3
**AMENDED COMPLAINT**

8.   CLYMER re-alleges and incorporates by reference, as though fully set forth herein, the allegations contained in 1 through 7 of this Complaint.

9.   Defendant negligent non-compliance with the provisions of 15 USC 1681 (O) resulted in damage to CLYMER. CLYMER is entitled to damages according to proof.

§ 1681o. **Civil liability for negligent noncompliance**

(a) In general.

Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney' s fees as determined by the court.

(b) Attorney's fees.

**Plaintiff Demands Judgment for $1000.00**

10. CLYMER alleges that he is also entitled to reasonable costs, including attorney's fees for his damages suffered as a result of BLEIER acts, pursuant to 15 USC 1681 (O).

 **FOURTH CLAIM FOR RELIEF**

11. The defendant violated Continued Collection Activity **[15 USC 1692g]** of the DCPA by not ceasing collection activity before providing proof of the alleged debt as requested by the Plaintiff's letter of March 3, 2009 and continuous collection activity prior to validation of the debt.

"(b) If the consumer notifies the debt collector in writing

within the thirty-day period described in subsection (a)

that the debt, or any portion thereof, is disputed, or

that the consumer requests the name and address of the

original creditor, the debt collector shall **cease** collection

4

**AMENDED COMPLAINT**

of the debt, or any disputed portion thereof, until

the debt collector obtains verification of the debt or

any copy of a judgment, **or the name and address of**

**the original creditor,** and a copy of such verification or

judgment, or name and address of the original creditor,

is mailed to the consumer by the debt collector."

**Plaintiff demands judgment for $1000.00**

## FITH CLAIM FOR RELIEF

12. The Co Defendant, DISCOVER, VIOLATED SECTION 809, Validation of debts 15 USC 1692

(G) of the DCPA by not providing proof of the alleged debt as requested by the Plaintiff's letter

of March 3, 2009 to DISCOVER BANK by continuous collection activity prior to the validation

of debt.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in the subsection (a)

that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original

creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector

obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a

copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the

debt collector.

**Plaintiff demands judgment for $1000.00**

## SIXTH CLAIM FOR RELIEF

13.   Co Defendant violated **§ 623. Responsibilities of furnishers of information to consumer**

**reporting agencies** [15 U.S.C. § 1681s-2] by failing to provide notice of dispute after receiving

Plaintiff's letter of dispute dated March 3, 2009.

(3) ***Duty to provide notice of dispute.*** **If the completeness or accuracy of any information**

**furnished by any person to any consumer reporting agency is disputed to such person**

5

**AMENDED COMPLAINT**

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Richard Bryan Clymer

**PLAINTIFF(S)**

v.

Bleier + Cox LLP and its Prodecessor,
and Does 1 through 5 inclusive
Defendants
Discover BANK
and Does 1 through 5 inclusive

**DEFENDANT(S).**

| CASE NUMBER |
|---|
| EDCV 10-1526 VAP (DTBX) |

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ **First** amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Richard Bryan Clymer_, whose address is _668 W. Clifton Ave  Redlands  Ca. 92373_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: **FEB - 4 2011**

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.**

(E) *Duty of person after receiving notice of dispute.* After receiving a notice of dispute from a **consumer** pursuant to subparagraph (D), the person that provided the information in dispute to a consumer reporting agency shall–
(i) conduct an investigation with respect to the disputed information;
(ii) review all relevant information provided by the consumer with the notice;
(iii) complete such person's investigation of the dispute and report the results of the investigation to the consumer before the expiration of the period under section 611(a)(1) within which a consumer reporting agency would be required to complete its action if the consumer had elected to dispute the information under that section; and
(iv) if the investigation finds that the information reported was inaccurate, promptly notify each consumer reporting agency to which the person furnished the inaccurate information of that determination and provide to the agency any correction to that information that is necessary to make the information provided by the person accurate.

**Plaintiff Demands Judgment for $1000.00**

**SEVENTH CLAIM FOR RELIEF**

14. Co Defendant also has violated **§ 611. Procedure in case of disputed accuracy** [15 U.S.C. § 1681i]

By failing to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
(1) Reinvestigation Required
(A) *In general.* Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is **disputed by the consumer and the consumer notifies the agency** directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15. The Co Defendant has failed to comply with the required conducting of a reasonable reinvestigation within 30 days of receipt of the Plaintiff's letter of dispute dated March 2009.

**Plaintiff Demands Judgment for $1000.00**

**EIGHTH CLAIM FOR RELIEF**

6

**AMENDED COMPLAINT**

16. Co Defendant has violated on or about January 2010 **§ 623. Responsibilities of furnishers of information to consumer reporting agencies** [15 U.S.C. § 1681s-2]a
(a) Duty of Furnishers of Information to Provide Accurate Information
Co Defendant continued to report erroneous and inaccurate information even after the letter dated March 3, 2009 was received and informed Co Defendant of inaccuracies onto Plaintiff's EQUIFAX EXPERIAN and TRANSUNION credit reports. A violation for each credit reporting agency per month. Equifax from 9/2009 to 1/2011   =      17 months

Experian from 1/2010 to 1/2011      =      13 months

Transunion from 1/2010 to 1/2011 =  +   13 months

Total  43 violations

17. As a result of the Co Defendant monthly reporting erroneous and inaccurate information to credit reporting agencies, in violation of **15 USC 1681 s2**, the plaintiff has suffered a damaged credit report, damaged credit score and a damaged reputation.

**Plaintiff Demands Judgment for $1000.00 for each violation = $43,000.00**

**NINTH CLAIM FOR RELIEF**

18. Defendant is in violation of **§ 809. Validation of debts 1692g**

(a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not **overshadow** or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.
for sending an overshadowing letter dated March 25th 2009 and April 30th 2009, both letters after the Co Defendant was notified of disputed of an alleged debt. Defendant acting as a collection agent for the Co Defendant, demanding and threatening for  payment and not validating disputed alleged debt.

**Plaintiff Demands Judgment for $1000.00 per violation = $2000.00**

19. WHEREFORE,  the Defendant and Co Defendant has violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, Plaintiff demands judgment in the amount of $52,000.00, plus all cost of this action along with punitive damages in the amount of $50,000.00 and for such other and further relief that the court deems proper.

7

**AMENDED COMPLAINT**

1

2

3

<u>Complaint/Statement of Claim against The Creditor</u>

4  20. The preceding case is in reference to an alleged account that was held by the Co Defendant

5      and  was assumed by the Defendant. The Law of Agency applies in this matter.

6  The Plaintiff had contacted the Defendant and Co Defendant on or about March 2009 in reference to

7  erroneous and inaccurate reporting in the Plaintiffs Credit Report this is covered under the FCRA.

8

9  The Fair Credit Reporting Act 15 USC Section §1681, *et seq*

10 ### ***PAINTIFFS' SATEMENT OF CLAIM***

11

12 21. COMES NOW the Plaintiff, Richard Bryan Clymer Plaintiff respectfully submits Plaintiffs

13      Statement of Claim.

14      The Defendant Bleier & Cox and Co-Defendant DISCOVER BANK

15      is a collection agency and credit lender and as such governed under the law by The Fair

16 Credit Reporting Act 15 USC §1681, *et seq*. and also reports these accounts to the national credit

17 reporting agencies i.e. Trans Union, Equifax, Experian, all national credit reporting agencies.

18

19              1.      <u>The State of California abides by and adheres to these laws. Thus establishing</u>

20                      <u>the jurisdiction of this honorable court. Specifically the Fair Credit Reporting</u>

21                      <u>Act § 618 15 USC §1681p, *et seq*.</u>

22      The Plaintiff denies ever having any contractual agreement for credit, loans or services

23 relationship with the Defendant and Co Defendant.

24 22. Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged

25      account is not in question here. But the fact as to how it was or was not verified and wrongful

26      actions of the Defendant and Co Defendant in inserting erroneous and inaccurate information

27

28

8

**AMENDED COMPLAINT**

and failure to indicate the account is in dispute in the Plaintiffs credit reports, violated the civil rights of the Plaintiff and the law as outlined in The Fair Credit Reporting Act 15 USC §1681, *et seq.*

23. The Plaintiff requested a copy of his Credit Report from Experian/Equifax,Transunion on February 2010 and again in October 2010. The Plaintiff was alerted to this through his credit monitoring service Identity Guard who also records these transactions.

Upon inspection of the said report the Plaintiff observed that the Defendant was listed on the Plaintiffs Transunion credit report indicating an inquiry into Plaintiff's account The Defendant has never contacted the Plaintiff at any time prior to today's date with any validation of any alleged debt/account.

24. The Plaintiff has not now or ever had any business affiliation or relationship with the Defendant and Co Defendant and has never applied for any type of mortgage, loan, credit card or insurance or employment reasons with the Defendant and Co Defendant.

25. The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return Receipt on June 2, 2009 which the Defendant received on June 8th 2009 again stating a Cease and Desist and disputing and asking for proof of this alleged account. Plaintiff also notified Defendant that if Defendant's violations of Fair Debt Collections Practices Act doesn't stop, further action would be taken.  Plaintiff received the Defendants letter dated June 16, 2009, which violated **§ 809. Validation of debts 1692g** overshadowing and threatening Plaintiff with legal action even though Plaintiff's letter of dispute had been received 8 days prior.  Which also violated the limited cease and desist of the letter dated March 3, 2009.  Plaintiff then contacted Defendant by U.S. Postal Service Certified Mail Return Receipt on July 1, 2009 and Defendant received July 7th 2009 stating that the Defendant is in violation of the FDCPA and that the Plaintiff has filed complaints with the California

9

**AMENDED COMPLAINT**

Attorney General's Office and with the Massachusetts' Attorney General office, along with a Statement of Facts letter.   After not receiving any answer of validation of alleged debt from the Defendant, the Plaintiff is filing this complaint.

26. The Plaintiff has also offered to settle with Defendant, offer dated March 1, 2010, to this dated Plaintiff has not had response to this offer.

27. The Plaintiff contacted the CoDefendant U.S. Postal Service Certified Mail Return Receipt on March 3, 2009 which the Co Defendant received on March 10, 2009. The Co Defendant has never responded to the Plaintiff.

28. The Plaintiff has tried to resolve these issues but has never received an answer of validation from the Defendant or Co Defendant forcing the Plaintiff to this court action in order for the court to intervene in this matter.

29. The derogatory erroneous and inaccurate information still remains on the Plaintiff's Credit report to date.   The Defendant and Co Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued reporting erroneous and inaccurate information by updating the Plaintiffs credit report for well over one year even after informing the Defendant and Co Defendant of this and asking for proof of any account and has done so to-date. The Defendant is in violation the Fair Credit Reporting Act [15 U.S.C. § 1681s-2], *et seq*. As follows:

   A. Failure to inform the National Credit Reporting Agencies that the alleged account is in dispute and failing to do so for well over one year.

   B. Continually updating the Plaintiff's credit report for well over one year with this erroneous and inaccurate information for well over one year.

Plaintiff re-alleges the allegations set forth in paragraphs 6-20

**FIRST CLAIM THROUGH NINTH CLAIM**

**AMENDED COMPLAINT**

VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

(a) Duty of furnishers of information to provide accurate information.

(1) Prohibition.

(A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer-reporting agency if

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) Duty to correct and update information. A person who

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Duties of furnishers of information upon notice of dispute.

(1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(C) report the results of the investigation to the consumer reporting agency; and

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

The information from  the Co Defendant on the Experian/Equifax and Transunion credit report of Plaintiff does not reflect that the information is disputed by the consumer until October 2010 but still doesn't reflect accurate information since is has been more than the allowed time to investigate to resolve dispute.

**AMENDED COMPLAINT**

1    According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15

2    U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement

3    imposed under this title with respect to any consumer is liable to that consumer in an amount equal

4    to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or

5    damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the

6    court may allow; and (3) in the case of any successful action to enforce any liability under this

7    section, the costs of the action together with reasonable attorney's fees as determined by the court.

8

9    Plaintiff demands Judgment in the amount of $43,000.00 for the Defendant and Co

10    Defendant violating the act by updating the Plaintiffs credit reports with inaccurate and erroneous

11    information.

12    Plaintiff re-alleges the allegations set forth in paragraphs 6-20

13    VIOLATION OF THE FAIR CREDIT REPORTING ACT

14

15    According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of

16    information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

17    (a) Duty of furnishers of information to provide accurate information.

18    (1) Prohibition.

19    (A) Reporting information with actual knowledge of errors. A person shall not furnish any

20    information relating to a consumer to any consumer-reporting agency if the person knows or

21    consciously avoids knowing that the information is inaccurate.

22

23    (B) Reporting information after notice and confirmation of errors. A person shall not furnish

24    information relating to a consumer to any consumer-reporting agency if

25    (i) the person has been notified by the consumer, at the address specified by the person for

26    such notices, that specific information is inaccurate; and

27

28
13
**AMENDED COMPLAINT**

1    (ii) the information is, in fact, inaccurate.

2    (2) Duty to correct and update information. A person who

3    (A) regularly and in the ordinary course of business furnishes information to one or more

4    consumer reporting agencies about the person's transactions or experiences with any consumer; and

5

6    (B) has furnished to a consumer reporting agency information that the person determines is

7    not complete or accurate, shall promptly notify the consumer reporting agency of that determination

8    and provide to the agency any corrections to that information, or any additional information, that is

9    necessary to make the information provided by the person to the agency complete and accurate, and

10   shall not thereafter furnish to the agency any of the information that remains not complete or

11   accurate.

12   (3) Duty to provide notice of dispute. If the completeness or accuracy of any information

13   furnished by any person to any consumer reporting agency is disputed to such person by a consumer,

14   the person may not furnish the information to any consumer reporting agency without notice that

15   such information is disputed by the consumer.

16

17   (b) Duties of furnishers of information upon notice of dispute.

18   (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with

19   regard to the completeness or accuracy of any information provided by a person to a consumer

20   reporting agency, the person shall

21

22   (A) conduct an investigation with respect to the disputed information;

23   (B) review all relevant information provided by the consumer reporting agency pursuant to

24   section 611(a)(2) [§ 1681i];

25   (C) report the results of the investigation to the consumer reporting agency; and

26

27

28

14

**AMENDED COMPLAINT**

1    (D) if the investigation finds that the information is incomplete or inaccurate, report those

2    results to all other consumer reporting agencies to which the person furnished the information and

3    that compile and maintain files on consumers on a nationwide basis.

4    (2) Deadline. A person shall complete all investigations, reviews, and reports required under

5    paragraph (1) regarding information provided by the person to a consumer reporting agency, before

6    the expiration of the period under section 611(a)(1) [§ 1681i] within which the consumer reporting

7    agency is required to complete actions required by that section regarding that information.

8

9    Plaintiff demands Judgment in the amount of $20,000.00 for the 20 month the Co Defendant

10   has failed to report the alleged account in dispute.

11   Plaintiff re-alleges the allegations set forth.

12   Plaintiff has notified Defendant and Co Defendant multiple times by certified mail that the

13   Plaintiff disputes the inaccurate information.

14

15   Co Defendant has reported the alleged debt on the Experian and Equifax and Transunion

16   credit report of Plaintiff to date without resolving or reporting results of disputed alleged debt.

17   According to the Fair Credit Reporting Act, 616. Civil liability for willful noncompliance [15

18   U.S.C. § 1681n], (a) In general. Any person who willfully fails to comply with any requirement

19   imposed under this title with respect to any consumer is liable to that consumer in an amount equal

20   to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or

21   damages of not less than $100 and not more than $1,000, (2) such amount of punitive damages as the

22   court may allow; and (3) in the case of any successful action to enforce any liability under this

23   section, the costs of the action together with reasonable attorney's fees as determined by the court.

24

25

26

27

28

Plaintiff has a negative Experian credit score of 542 as of this date and has been denied credit and at reasonable rates because of the willful noncompliance actions erroneous and inaccurate reporting and/or inaction's of the defendants.

According to the Fair Credit Reporting Act, 617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o]

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Plaintiff has a negative Experian credit score of 542 as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction's of the defendant. Plaintiff has suffered injury in the form of Defamation of character

Defendant and Co Defendant has never obtained verification of the account or mailed/provided such verification to the Plaintiff.

WHEREFORE, the defendant has violated the Fair Credit Reporting Act. Plaintiff demands Judgment in the amount of $52,000.00, plus all costs of this action along with punitive damages in the amount of $50,000.00

Respectfully submitted this 4th day of February 2011.

_____
/Richard Bryan Clymer, Plaintiff

*bryanclymer@yahoo.com*

16

**AMENDED COMPLAINT**

1

## **CERIFICATE OF SERVICE**

2

3

4   I hereby certify that a copy of the forgoing complaint Richard Bryan Clymer vs. Bleier & Cox LLP

5   16130 Ventura Blvd Ste 620, Encino California 91436 Defendant and Discover Bank POB 17019

6   Wilmington DE 19850

7   This will be served on Defendant and Co Defendant by a process server and when proof of service is
    returned it will be filed with clerk

8

9

10

11

12

13

14   Dated: February 4, 2011

15

16   By_____

17        Richard Bryan Clymer, In Pro Se
         bryanclymer@yahoo.com

18

19

20

21

22

23

24

25

26

27

28
                                    17

1

## DEMAND FOR JURY TRIAL

2   Complainant moves this court pursuant to Fed.R.Civ.P. Rule 38 "Jury Trial of Right" and thereby

3   demand a Jury Trial. The undersigned certifies that a copy hereof has been furnished to the parties

4   listed in the Certificate of Service.

5

6

7

8

9   Dated: February 4, 2011

10                                              By:

11                                              Richard Bryan Clymer / In Pro Se

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED COMPLAINT**

**VERIFICATION**

I, Richard Bryan Clymer, am the Plaintiff in the above entitled action. I have read the foregoing Complaint. The facts stated therein are within my knowledge and are true and correct, except those matters stated on information and belief, and, as to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of February 2011 at Redlands, California.

By: _____

Richard Bryan Clymer, In Pro Se

---

19

**AMENDED COMPLAINT**

*ORIGINAL*

WHEN RECORDED MAIL TO:

Laquer, Urban, Clifford & Hodge LLP
Matthew T. Bechtel, State Bar No. 260450
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Trustees of the Operating Engineers
Pension Trust, et al.

PLAINTIFF(S),

v.

Munson Plumbing, Inc.,

DEFENDANT(S).

CASE NUMBER:

ED CV   10-00970-VAP (OPx)

ABSTRACT OF JUDGMENT/ORDER

I certify that in the above-entitled action and Court, Judgment/Order was entered on January 28, 2011 in favor of Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust

whose address is 100 East Corson Street, Pasadena, California 91103

and against Munson Plumbing, Inc.

whose last known address is 12473 Split Rein Dr., Rancho Cucamonga, California 91739

for $ 17,118.62         Principal,   $ 511.46                     Interest,   $ 76.60                     Costs,

and $ 5,252.00           Attorney Fees.

ATTESTED this   4th   day of   February   , 20 11

Judgment debtor's driver's license no. and state; _____   ☒ Unknown.

Judgment debtor's Social Security number; _____   ☒ Unknown.

☒ No stay of enforcement ordered by Court

☐ Stay of enforcement ordered by Court, stay date ends _____

Judgment debtor's attorney's name and address and/or address at which summons was served:

Munson Plumbing, Inc.

12473 Split Rein Dr.

Rancho Cucamonga, California 91739

TERRY NAFISI

CLERK, U. S. DISTRICT COURT

By _____
              Deputy Clerk

*FOR OFFICE USE ONLY*

NOTE: JUDGMENTS REGISTERED UNDER 28 U.S.C. §1963 BEAR THE RATE OF INTEREST OF THE DISTRICT OF ORIGIN AND CALCULATED AS OF THE DATE OF ENTRY IN THAT DISTRICT.

G-18 (06/01)                    ABSTRACT OF JUDGMENT/ORDER