O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BRYAN CLYMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DISCOVER BANK; BLEIER &<br>COX; AND DOES 1 THROUGH<br>5, INCLUSIVE,<br><br>　　　　Defendants. | Case No. EDCV 10-01526<br>VAP(DTBx)<br><br>**[Motion filed on May 17,<br>2011]**<br><br>**ORDER GRANTING DEFENDANT<br>BLEIER & COX'S MOTION FOR<br>SUMMARY JUDGMENT** |

The Court has considered the papers filed in support of, and in opposition to, Defendant Bleier & Cox's ("Bleier") motion for summary judgment ("Motion"). (Doc. No. 34.) For the reasons set forth below, the Court GRANTS the Motion.

**I.　PROCEDURAL BACKGROUND**

Plaintiff Richard Bryan Clymer ("Plaintiff"), appearing pro se, filed a complaint on October 5, 2010, against Defendant Discover Bank ("Discover"), asserting

claims for securities fraud and civil conspiracy. (Doc. No. 1.) On February 5, 2011, Plaintiff filed a first amended and supplemental complaint ("FAC"), adding Defendant Bleier, striking the securities fraud and civil conspiracy claims, and asserting claims for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681b, 1681o, 1681s-2, 1681i.

On March 17, 2011, Defendant Discover filed a motion to dismiss (Doc. No. 18), which the Court granted in part and denied in part (Doc. No. 36). Specifically, the Court dismissed Plaintiff's fifth and ninth claims for violations of the FDCPA with prejudice and Plaintiff's sixth and eighth claims for violations of the FCRA with prejudice. (Id.)

On May 17, 2011, Defendant Bleier filed the Motion, a memorandum of points and authorities (Def.'s Mem. P. & A.), the declaration of Edgar N. De Vera ("De Vera Decl."), and the declaration of Richard Golden ("Golden Decl.") with exhibits A and B attached. (Doc. No. 34.) On June 8, 2011, the Court provided Plaintiff with a notice regarding summary judgment procedures and rescheduling the hearing on the Motion and the relevant deadlines. (Doc. No. 37.) On June 8, 2011, Defendants filed a separate statement of uncontroverted facts and

conclusions of law ("SUF"). (Doc. No. 38.) On June 9, 2011, Plaintiff filed an opposition ("Opposition"). (Doc. No. 43.) On June 14, 2011, Defendant Bleier filed a notice of errata related to the Golden Declaration. (Doc. No. 44 ("Golden Decl. II").) On June 27, 2011, Defendant filed a reply ("Reply") (Doc. No. 49) and "Objections to Plaintiff's Evidence" (Doc. No. 50 ("Def.'s Obj.")). On July 1, 2011, Plaintiff filed an opposition to Defendant's SUF ("Pl.'s Obj.") (Doc. No. 54), the affidavit of Bryan Clymer ("Clymer Decl.") (Doc. No. 55), and a statement of genuine disputes ("SGI") (Doc. No. 56).

## II. FACTUAL BACKGROUND

Both sides cite facts that are not relevant to resolution of the Motion. To the extent certain facts are not mentioned in this Order, the Court has not relied on them in reaching its decision. Furthermore, except as described below, the Court overrules the parties' objections, but has independently considered the admissibility of the evidence underlying the SUF and the SMF, and has not considered facts that are irrelevant or based upon inadmissible evidence. Finally, certain proposed facts are not adequately supported by the cited evidence; as to those proposed facts, the Court has considered and relied on the underlying evidence and

found facts supported by that evidence, to the extent the evidence itself was admissible.

The Court finds the following material facts are supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of these Motions. L.R. 56-3; see generally Fed. R. Civ. P. 56.

Defendant Bleier attempted to collect a debt from Plaintiff related to a credit card with Defendant Discover. (SUF 1, 12; FAC ¶ 6.) On March 3, 2009, Plaintiff sent a letter to Defendant Discover disputing the debt. (Id.) Defendant Bleier contends it never received Plaintiff's March 3, 2009, dispute letter; Plaintiff alleges that Bleier received the letter when Discover provided Bleier with Plaintiff's file. Plaintiff does not have personal knowledge of what Bleier did or did not receive in the file from Discover, however, and offers no evidence to support his naked contention that Bleier received his dispute letter. Plaintiff accordingly has not raised a genuine issue that Bleier received or otherwise had knowledge of his dispute letter.

Plaintiff further contends that Defendant Bleier continued to attempt to collect the debt from him, including sending collection letters to Plaintiff on March 25, 2009, and April 30, 2009. Plaintiff offers no admissible evidence to support this assertion nor does he attach the alleged letters from Bleier. On the other hand, Bleier presents evidence, in the form of a sworn declaration, that it did not send the collection letters. Specifically, Defendant Bleier presents evidence that it was assigned Plaintiff's debt on July 9, 2009,[1] several months after Plaintiff received the letters. (See SUF 9; Golden Decl. II ¶ 2.)

Finally, Defendant Bleier made a formal inquiry on Plaintiff's credit report in September 2009. (SUF 5; FAC ¶¶ 7-10.) Plaintiff argues Bleier did not have Plaintiff's consent to do so, nor a permissible purpose under the FCRA.

### III. LEGAL STANDARD

A court shall grant a motion for summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty

---

[1] Plaintiff attaches a copy of his credit report to the Opposition. Plaintiff has not authenticated the document properly, however, and the Court accordingly has not considered it.

Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson, 477 U.S. at 250.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998) (citing Anderson, 477 U.S. at 256-57); Retail Clerks Union Local 648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. Celotex, 477 U.S. at 325. Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. Id.; Horphang Research Ltd. v. Garcia, 475 F.3d 102,

1 | The burden then shifts to the non-moving party to
2 | show that there is a genuine issue of material fact that
3 | must be resolved at trial. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324; Anderson, 477 U.S. at 256. The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 252. See also William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 14:144. A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248.

In ruling on a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378, 380 (2007); Barlow v. Ground, 943 F.2d 1132, 1135 (9th Cir. 1991); T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

**IV. DISCUSSION**

Plaintiff brings the following claims against Defendant Bleier: (1) violation of the FDCPA, 15 U.S.C. § 1692(g); and (2) violations of the FCRA, 15 U.S.C. §§ 1681(b), 1681(o).

## A. FDCPA Claims (Plaintiff's First, Fourth, and Ninth Claims)

Plaintiff alleges three claims against Bleier for violations of the FDCPA. The applicable statute of limitations under the FDCPA is one year: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year</u> from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added). As noted above, Plaintiff bases his FDCPA claims on two letters Bleier allegedly sent on March 25, 2009, and April 30, 2009, but offers no evidence that Bleier sent these letters. Plaintiff attaches as exhibits to his declaration two letters from another law firm, Zwickler & Associates, P.C. (Clymer Decl., Ex. 1.) Plaintiff presents no evidence that Bleier was the law firm that sent him letters containing the alleged violations. Moreover, even assuming Bleier sent the letters, under the applicable statute of limitations, Plaintiff was required to file his FDCPA claims by April 30, 2010. Plaintiff filed this action on October 5, 2010, well after the expiration of the one-year limitations period.

Plaintiff contends he did not discover the violations until February 2010. (Opp'n at 2.) This argument is belied by the evidence, however. Specifically, Plaintiff states Defendant Bleier sent the letters on March 25, 2009, and April 30, 2009. By Plaintiff's own account, he therefore became aware of the alleged violations at that time. Thus, Plaintiff's FDCPA claims are barred by the statute of limitations. The Court accordingly GRANTS Defendant Bleier's Motion as to Plaintiff's First, Fourth, and Ninth Claims, with prejudice.

**B. FCRA Claims (Plaintiff's Second and Third Claims)**

Plaintiff bases his claim that Bleier violated the FCRA on his allegation that Bleier obtained Plaintiff's credit report from a consumer reporting agency without a "permissible purpose." (See Opp'n at 2.)

The FCRA creates a private right of action through a provision that provides:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of–
>
> (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained

by the consumer as a result of the failure or
                $1,000, whichever is greater;
            (2) such amount of punitive damages as the court
                may allow; and
            (3) in the case of any successful action to enforce
                any liability under this section, the costs of the
                action together with reasonable attorney's fees as
                determined by the court.

15 U.S.C. § 1681n; see also § 1681o (providing civil liability for negligent noncompliance, but only for consumers' actual damages); Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) ("[W]ith these words Congress created a private right of action for consumers").

Although a party may not "obtain a consumer report" unless it is "obtained for a purpose" authorized by FCRA, see 15 U.S.C. § 1681b(f), Plaintiff's conclusory allegation that Bleier lacked a "permissible purpose" (see Opp'n at 2) is insufficient to create a genuine issue of fact. The FCRA expressly permits receipt of a consumer report for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of [ ] the consumer." See 15 U.S.C. § 1681b(a)(3)(A). Here, Bleier has presented evidence it was attempting to collect what it believed to be a valid credit card debt. (Golden Decl. ¶ 2.) Plaintiff has presented no evidence that Bleier was aware of Plaintiff's dispute letter or that Bleier obtained Plaintiff's credit report for any other purpose than to

collect a debt it had been assigned. The Court accordingly GRANTS Defendant Bleier's Motion as to Plaintiff's second and third claims, with prejudice.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Bleier's Motion and DISMISSES Plaintiff's first, second, third, fourth, and ninth claims, with prejudice.

Dated: July 29, 2011

VIRGINIA A. PHILLIPS
United States District Judge